Scott, J.
This action was brought by the plaintiffs, who aro judgment creditors of the defendant Elijah S. Hanks, for the purpose of setting aside a conveyance made by Hanks and wife to their minor children, and procuring the sale of the real estate so conveyed, for the satisfaction of their several judgments. The court below found and declared the conveyance fraudulent and void as against creditors, and ordered the property to be sold. An order of sale was accordingly issued and placed in the hands of the sheriff, when Hanks and wife demanded of the officer that a homestead should be set off for them in the property about to be appraised and sold. The sheriff refused to recognize their right to a homestead in the premises, and sold the whole property, in disregard of their claim. Upon return of his proceedings, Hanks and wife moved the court to set aside the appraisement and sale, and in support of their motion showed, that all said judgments were rendered upon causes of action which accrued subsequent to the taking effect of the *299 statute of March, 1850, exempting homesteads from forced sale on execution; that said property was actually occupied by them as their family homestead, and had been-so occupied by them with their said minor children, from a period anterior to tha accruing of any of said causes of action. The court of common pleas overruled the motion, on the grounds that Hanks and wife, by their conveyance to their children, were precluded from claiming a homestead in the premises; and thereupon the sale made by the sheriff was, on motion of the plaintiffs, confirmed. The defendants appealed to the district court, wherein the question was reserved to this 'court for decision. Whether, under the circumstances shown, Hanks and wife were not entitled to have their motion sustained, and the appraisement and sale set aside, is the single question presented, for our consideration, by the reservation of the district court.
On behalf of the plaintiffs, it is claimed that Hanks and wife are not entitled to the benefits of the statute exempting homesteads, because of their prior conveyance of the premises to their children, whereby they divested themselves of all interest in the property conveyed. And that, as this conveyance is valid as between the parties, and only void as against creditors, to allow the homestead claim, in this case, would be to permit one person to claim a homestead in the property of others. We do not perceive the force of this argument, as coming from these plaintiffs. If it be sound, Hanks the debtor has .a very narrow standing in court upon the question of ownership. For, it is clear, that, as against these plaintiffs, the decree of the court having declared his conveyance to his children fraudulent and void, he is no longer permitted to question the right of his creditors to proceed against the property as his, and to sell it for the satisfaction of their claims against him; and, at the same time, that as his conveyance is valid as between grantors and grantees, he is estopped from claiming as against these same plaintiffs, who are asserting the rights of creditors, that he has any interest whatever in the property. And yet, though estoppels are mutual, the plaintiffs claim a right, notwithstanding the conveyance, to regard the property as still belonging to ■ their debtor, and, at the same time, disregarding the decree *300 which they have asked and obtained, to insist that their debtor has no interest whatever in the premises. The debtor is estop ped equally from claiming and from disclaiming, while the creditor may do either, and each in turn, as his interest may dictate. Such a position can hardly be maintained.
The rights of the plaintiffs in this action, are only those which belong to creditors, seeking to set aside a voluntary conveyance of their debtor, made in fraud of their rights; and to enforce their judgment liens against the property so conveyed. Their claim is not under or through the fraudulent conveyance, but adverse to it; and when, at their suit, it has been set aside, and declared wholly void as against them, they can not be allowed, as creditors, to set up this void conveyance, against which they are ” claiming, for the purpose of enlarging their rights or remedies against their debtor; or, for the purpose of estopping him from the assertion of the rights which he would otherwise have as against them. As between creditor and debtor, the deed is simply void, and can not therefore affect the rights of either.
A judgment creditor’s lien is only upon the property of his debtor; and the purchaser at sale on execution, takes, in general, only the debtor’s title. If the debtor have no title or interest in the property levied on, there is nothing for the creditor to sell; and it is hot competent for the creditor while selling the alleged title of his debtor, to deny his right to a homestead, on the ground that he has no interest in the property about to be sold. If he has an interest in the homestead property, which the creditor can sell, he has interest enough to secure his homestead from sale. The validity of the fraudulent conveyance, as between the parties to it, is no concern of the creditor’s, when it has been set aside as to him. All he can ask, is, that, as against him, it shall confer no rights upon any one. Were these plaintiffs judgment creditors of the fraudulent grantees, and levying their execution as such, the case would be entirely different; and it might then well be said in response to the present claim of Hanks, that one person can not have a homestead in the property of another.
The humane policy of the homestead act (S. & 0. St. 1145), *301 seeks not the protection of the debtor; but its object is to protect his family, from the inhumanity which would deprive its dependent members of a home. Its benefits can only be claimed by heads of families; married persons living together as husband and wife; and widowers or widows having an unmarried minor child, or children residing with them as part of their family (sections 1 and 4). And, in aid of this wise and humane policy, the whole act should receive as liberal a construction, as can be fairly given to it.» We think its provisions protect the debtor’s family, as against his creditor, in the enjoyment of an actual homestead, irrespective of the title or tenure by which it is held.
We have been referred, in support of the plaintiff’s claim on this point, to a decision of the supreme court of Michigan, in a case arising under a homestead law, said to be substantially similar to our own. Herschfeldt v. George, 6 Mich Rep. (2 Cooley), 456. The facts of that case differ in some important respects from the facts in the present case, and it is, therefore, unnecessary to question the propriety of the decision. But it may be remarked, that of the four judges composing that court, one did not sit in the case; and another refused to concur in the reasoning of the judge delivering the opinion, and placed his concurrence in the judgment on the sole ground, that the homestead claimed, was shown to be of greater value than the statute allowed. And, what is, perhaps, still more important to be considered, the Michigan statute, in terms, requires the homestead to be “ owned and occupied ” by the debtor, while our statute only requires it to be “ the family homestead of a head of a family.”
Two other reasons are urged by counsel for plaintiffs, for the Overruling of the claim of a homestead made in this case.
1. Because the claim should have been asserted before judgment and order of sale; and comes too late afterward. And,
2. That the statute allows a homestead only as against an execution about to be levied by a sheriff, and not as against an “order of sale” about to be executed by a master commis< sioner.
Both these objections may be triefly disposed of.
*302 Tbe mode and time, prescribed by tbe statute, for tbe assertion of the debtor’s claim to the exemption of a homestead, are, on application of “the debtor, or his wife, his agent or attorney” to “the sheriff or other officer executing any writ of execution, founded on any judgment or decree,” etc. The first section of the act, exempts the homestead “from sale on execution on any judgment or decree,” etc. At the time this act was passed, the distinction between suits at law, and in chancery, had not been abolished. And though the final process on decrees in chancery, for the sale of property, was called “ an order pf sale,” it was nevertheless “ a writ of execution on a decree,” within the meaning' of the statute. Beside, the plaintiffs, in this action were only asserting their rights as judgment creditors, and their “ order of sale ” merely took the place of an ordinary execution upon their judgments. The case is clearly within the statute, and the claim was made at the proper time.
An order may be entered' setting aside the appraisement and sale, pursuant to the motion of Hanks and wife, and remanding the case to the court of common pleas, for execution.
Peck, O J., and Brinkerhoee, Ranney and Wilder, JJ., concurred.